UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAMARK K. RENTZ,

                        Plaintiff,

v.                                           Case No. 3:09-cv-473-J-34JRK

LEE PETERS, et al.,

                        Defendants.

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Plaintiff Lamark Kilpatrick Rentz, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action in the United States District Court for the Northern District of Florida by filing a Complaint (Doc. #1). In accordance with the Court's Order (Doc. #6), Plaintiff filed an Amended Complaint (Doc. #7), in which he names the following individuals as the Defendants in this action: (1) Lee Peters, Jr., an Assistant Public Defender; (2) William Williams, a defense attorney; and (3) Gary Brown, an Assistant State Attorney. Although Plaintiff's Amended Complaint is not a model of clarity, it appears that Plaintiff is challenging his plea agreement and sentencing. As relief, he requests both monetary damages as well as the "correction of charges . . . ." Amended Complaint at 7.

    On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (PLRA), which requires this Court to dismiss this case at any time if the Court determines

that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

Additionally, in any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or

>immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

As previously noted, Plaintiff seeks both compensatory damages and release from incarceration. Any request for monetary damages is in the nature of a civil rights action, while a request for release from prison is in the nature of habeas corpus pursuant to 28 U.S.C. § 2254. Further, any claims concerning the ineffectiveness of counsel should be raised in a habeas corpus petition. Thus, to the extent that he seeks a release from incarceration due to such ineffectiveness, Plaintiff has improperly presented habeas corpus claims in a civil rights action filed pursuant to 42 U.S.C. § 1983.

With respect to Defendants Lee Peters, Jr. and William Williams (Assistant Public Defenders), Plaintiff has failed to satisfy the first prong of the § 1983 two-part test (acting under color of state law). The United States Supreme Court has stated that "a public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). Here, Defendants Peters and Williams were performing lawyers' traditional functions of representing Plaintiff in a state criminal action. As such, Defendants Peters and Williams were not acting under color of state law.

Furthermore, Plaintiff has named Gary Brown, the prosecutor, as a Defendant. Prosecutors are entitled to "absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); and, Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)); see also Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, (1993)). Thus, Defendant Brown is absolutely immune from suit in this case.

In the Amended Complaint, Plaintiff seeks the correction of his charges and release from confinement. In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United States Supreme Court stated:

> [W]hen a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

4

> conviction or sentence; if it would, the
> complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction
> or sentence has already been invalidated.

In reviewing the Amended Complaint, it is clear that a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence. Thus, to the extent that Plaintiff Rentz seeks damages for his allegedly illegal judgment of conviction, his action is premature. Id. at 489-90 (footnote omitted) ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

Here, Plaintiff's § 1983 claims have not yet accrued because he has not alleged that his judgment of conviction or sentence has terminated in his favor. In fact, the Court takes judicial notice of the information on the Florida Department of Corrections' website (http://www.dc.state.fl.us/ActiveInmates), which states that on March 1, 2007, Plaintiff was sentenced to five years and one month for burglary of a dwelling in Case No. 02-00214. Therefore, Plaintiff has failed to state a claim upon which relief may be granted at this time.

For all of the above-stated reasons, this case will be dismissed without prejudice.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of June, 2009.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

sc 6/5
c:
Lamark Kilpatrick Rentz